IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                                  CASE NO.: 4:05cr46-SPM

ANTHONY CAMERON HOLT,

       Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS

Pending before the Court is Defendant Anthony Cameron Holt's Motion to Suppress (doc. 14).  At issue is the whether evidence gathered from the searches of Defendant's residences at apartments 212C and 107D on 1616 McCaskill Avenue, Tallahassee, Florida should be suppressed for lack of probable cause.  The parties filed memoranda on their respective positions.  On December 19, 2005, the parties presented testimony and oral argument.  Upon consideration, the Court finds that the motion to suppress should be denied.

I.      BACKGROUND

    A.      Apartment 212C

According to the warrant affidavit prepared by Investigator David Donato of the Tallahassee Police Department, on February 3, 2005, members of the Tallahassee Police Department and Leon County Sheriff's Office were conducing

an undercover "Weed and Seed" operation to purchase controlled substances in designated areas.  During the operation, officers driving a pickup truck made contact with a subject in a parking lot.  The officers asked the subject if he could sell them "20 hard" (slang for $20 worth of crack cocaine).  The subject stated that he could, but he would have to go somewhere to get it.

The subject climbed into the bed of the pickup truck and directed the officers to the Colonnade Apartments, located on 1616 McCaskill Avenue.  The subject directed the officers to park alongside the "C" building.  The officers supplied the subject with a prerecorded $20 bill to make the purchase.  Other officers, who were part of a surveillance and arrest team, watched the subject walk to apartment 212C and knock on the door.  The subject entered the apartment and returned with a piece of crack cocaine.  At no time while walking to or from apartment 212C did the subject stop at any other apartments or make contact with anyone else.[1]

The subject was arrested and searched.  The subject did not have the

---

[1] Defendant notes in his motion to suppress that the subject, identified as James Cameron, was interviewed at the county jail by Investigators Donato and Gereg on February 9, 2005, one day after the warrant was issued.  During the interview, Mr. Crawford denied going into apartment 212C and told investigators that he got the cocaine from a guy named Dave who was out in the complex. The investigators did not return to the judge who issued the warrant to advise him of Mr. Cameron's statements.  To the extent Defendant raises a challenge to the investigators' omission under Franks v. Delaware, 438 U.S. 154 (1978), Defendant has failed to show that the omission was material to the determination of probable cause given the officers' observation of Mr. Crawford entering and leaving apartment 212C, without contacting anyone else.  See United States v. Burston, 159 F.3d 1328, 1333-34 (11th Cir. 1998).

prerecorded $20 bill.  Another piece of crack cocaine, however, was found on the

subject in a chewing tobacco tin. The warrant affidavit explains that it is a

common occurrence for the facilitator of a crack cocaine sale to receive a small

amount of crack for himself as payment.[2]  The warrant affidavit also explains that

it is unlikely that the subject was in possession of crack cocaine prior to entering

apartment 212C because if he were, he would have sold the crack cocaine to the

officers in the parking lot without asking the officers to drive him to the apartment

building.

     The warrant affidavit states that the latest available information indicates

that Anthony Holt occupies apartment 212C.  According to the affidavit, "Holt has

a history of drug offenses including Possession of Cocaine, Sale of Cocaine, and

Trafficking in Cocaine dating back to 1988."

     On February 8, 2005, Leon County Judge Augustus Aikens, Jr. signed a

---

[2]  At the hearing on the motion to suppress, Defendant suggested that the
warrant affidavit was misleading because it suggested that four crack cocaine
purchases were made from apartment 212C.  The language at issue in the
affidavit states: "It is a common occurrence during these types of undercover
operations to make contact with someone who will direct the officers to a house
or apartment where drugs are sold.  The person that facilitates the sale will often
receive an amount of crack for himself or herself as payment. **This scenario
occurred 4 times during this operation alone.**"  (emphasis added).  The Court
finds that the statement is not misleading.  A reasonable reader would conclude
that during the "Weed and Seed" operation, as opposed to attempts to buy from
apartment 212C, facilitators of sales were compensated with crack cocaine.
Furthermore, to the extent Defendant raises a Franks challenge, the challenge
fails because there is no indication that the statement was made with the intent to
mislead or with reckless disregard, or that the statement was material to a finding
or probable cause.  Burston, 159 F.3d. at 1328.

search warrant for apartment 212C.  The search warrant was eventually

executed on February 17, 2005.

**B.      Apartment 107D**

According to the warrant affidavit prepared by Investigator Donato, some

time during the three weeks preceding August 3, 2005, Investigator Donato met

with a confidential informant to make a controlled purchase of cocaine and

MDMA.  The confidential informant was searched, provided with a specified

amount of money, and outfitted with a wireless transmitter.

Officers kept visual contact with the confidential informant as he walked to

apartment 107D, knocked on the door, and entered.  The informant was

monitored through the wireless transmitter while inside the apartment.[3]  After a

short period of time, the confidential informant left the apartment and returned to

Investigator Donato and another investigator.  The confidential informant stated

that he purchased cocaine and MDMA from Anthony Holt, and turned over the

drugs to the investigators.

The warrant affidavit states that Anthony Holt is listed as a resident of

apartment 107D in a police report dated June 17, 2005 and that Anthony Holt's

address is listed in "JIS" as 1616McCaskill Avenue, 107D.  The warrant affidavit

---

[3]  Officer Donato testified at the hearing that the recording equipment associated with the wireless transmission failed to work properly, so the recording of the transaction is not audible.  Officer Donato stated, however, that the officers were able to hear the transaction through the wireless transmission as the transaction happened.

states that Anthony Holt was arrested for trafficking in cocaine and cannabis and bonded out on the charges in February 2005.  The affidavit also states that Anthony Holt has an extensive history of drug related crimes in Palm Beach County dating to 1988.

On August 3, 2005, Leon County Judge James O. Shelfer signed a search warrant for apartment 107D.  The warrant was executed that same day.

## II.    DISCUSSION

A search warrant may issue only upon probable cause, which is established if the totality of the circumstances, "including the [reliability] of persons supplying hearsay information, [indicates] there is a fair probability that contraband or evidence of a crime will be found in a particular place."  United States v. Butler, 102 F.3d 1191, 1198 (11th Cir. 1997) (citing Illinois. v. Gates, 462 U.S. 213, 238 (1983)).  A defendant moving to suppress evidence obtained though a warrant has the burden of establishing that the warrant is invalid. United States v. Osborne, 630 F.2d 374, 377 (5th Cir. 1980).

When assessing a warrant for probable cause, the court may consider only the information brought to the attention of the judicial officer issuing the warrant.  United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982). Therefore, in cases where the judicial officer is provided only an affidavit outlining the events that give rise to a finding of probable cause, a court's review is limited to the four corners of the affidavit.  Id.

A reviewing court must read the affidavit in a common sense fashion, and must not interpret it with a grudging or negative attitude or in a hypertechnical manner.  Id.  "[G]reat deference [must be] given to the [judicial officer's] finding which should be upheld in marginal or doubtful cases."  Id. at 845.  "In issuing a search warrant the [judicial officer] must exercise his own judgment as to whether the facts alleged in the affidavit constitute probable cause for issuance of the warrant, he must act on the entire picture disclosed to him, he is entitled to use his common sense, and the courts have gone so far as to say that when this is done his determination is conclusive in the absence of arbitrariness . . . ."  United States v. Hyde, 574 F.2d 856, 862 (5th Cir. 1978) (quoting Batista v. Henderson, 487 F.2d 860, 863 (5th Cir. 1973)).

### A.    Staleness

The probable cause standard is not satisfied where the government only demonstrates that the items to be seized could have been found at the specified location at some time in the past.  United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985).  Rather, there must be cause to believe the items will still be found at the specified location at the time the warrant is issued.  Id., United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994).  Execution of the search warrant, moreover, must be completed in a timely manner because "[a] delay in executing a search warrant may render stale the probable cause finding."  United States v. Gibson, 123 F.3d 1121, 1124 (8th Cir. 1997); see also United States v.

Gerber, 994 F.2d. 1556, 1560 (11th Cir. 1993).

There is no "talismanic rule" or "arbitrary time limitation" to determine when information becomes stale.  Harris, 20 F.3d at 44.  In making a determination, some factors to consider are "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and the nature and function of the premises to be searched."  Harris, 20 F.3d at 450.

In cases involving ongoing drug activity, the passage of time is not critical. United States v. Bervaldi, 226 F.3d 1256, 1265 (11th Cir. 2000).  The existence of ongoing activity gives rise to a reasonable inference that evidence of the activity will continue to be present at some later date.   Id.

In contrast, when an isolated incident forms the basis of probable cause, the probable cause dissipates rapidly with the passage of time.  Id.  Probable cause will also dissipate when the items sought to be seized are transitory in nature, such as small quantities of marijuana or other contraband that can easily be moved or quickly disposed of through sales or consumption.  C.f. United States v. LaMorie, 100 F.3d 547, 554-55 (8th Cir. 1996) (passage of two weeks insignificant because evidence was not subject to spoilage or use and could not be rapidly disposed of without attracting attention).  "Absent additional facts tending to show otherwise, a one-shot type of crime, such as a single instance of possession or sale of some form of contraband, will support a finding of probable

cause for a few days at best."  LaFave, Search & Seizure (3d ed.) § 3.7(a).

Defendant argues that the warrant affidavit for the search of apartment 212C fails to establish probable cause that evidence of a crime would be found when the search was executed.  Defendant notes that the drug purchase supporting the warrant occurred on February 3, 2005.  The subject made a single purchase of a small amount of crack cocaine and the subject made no statement concerning the presence of additional drugs or his ability to acquire more drugs from the location.  Five days passed before the search warrant was issued on February 8, 2005.  An additional nine days passed before the search warrant was executed on February 17, 2005.  Thus a total of 14 days passed from the drug purchase to the execution of the search warrant.

If there were no indication of ongoing drug activity in this case, the passage of 14 days would raise great concern.  The warrant affidavit, however, provides indication of ongoing, long-term drug activity in two respects.  First, the sale of drugs from apartment 212C was unplanned.  The subject was able to walk up to apartment 212C and buy drugs on demand.  The ability to make a walk up, on demand purchase indicates that drugs were regularly being sold from apartment 212C.

Second, the warrant affidavit connects Defendant to apartment 212C and notes that Defendant has a history of drug offenses.  These references to past drug activities, particularly the sale and trafficking offenses, suggest that

Defendant was engaging in ongoing and regular drug activities, as opposed to an isolated sale.  See United States v. Wagner 989 F.2d 69, 73-74 (2d Cir. 1993) (prior drug convictions can be considered in determining probable cause); United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000) (circumstances of the defendant's drug arrest were properly considered in establishing probable cause).  Given the totality of the circumstances, probable cause for the search of apartment 212C did not dissipate after the passage of 14 days from the sale.

With regard to apartment 107D, the information in the warrant affidavit reveals that up to 21 days[4] passed from the sale of drugs to the execution of the search warrant.   The passage of time, however, did not render the information stale given the indications of ongoing, long-term drug activity by Defendant, as noted above.  Further indication that Defendant was regularly engaging in the sales of drugs from his residence is provided by Defendant's February 2005 arrest for drug trafficking offenses.  Given the totality of the circumstances, probable cause for the search of apartment 107D did not dissipate after the passage of 21 days from the sale.

**B.      Reliability**

Defendant argues that the warrant affidavits fail to establish probable cause because they are not based on reliable information.  Defendant notes that

---

[4]  In assessing the information for staleness, the sale will be treated as if it took place on the most remote date within the period, i.e. 21 days before the search warrant affidavit was signed.  See United States v. Dauphinee, 538 F.2d 1, 5 n. 7 (1st Cir. 1976).

the affidavit for the search of apartment 212C does not establish the veracity and basis of knowledge of the subject who purchased the drugs.  Nor does it indicate that the subject was searched prior to the purchase to insure that the subject was not already in possession of drugs.  As for the confidential informant who made the drug purchase from apartment 107D, Defendant repeats his argument that the warrant affidavit fails to establish the confidential informant's veracity and basis of knowledge.  These arguments are unavailing.

In establishing probable cause for the searches of apartments 212C and 107D, the value of the subject and the confidential informant was in making the drug purchases, and not particularly in any hearsay information those individuals provided.  Law enforcement officers monitored the subject and the confidential informant.  Their observations provide reliable indications that the drug purchases did in fact occur as stated in the warrant affidavits.  "[P]articipation in supervised drug purchases is powerful corroborative evidence in determining probable cause."  Wagner, 989 F.2d at 73.  The warrant affidavits were sufficient to establish probable cause and do not suffer from a lack of reliable information.

### C.    Good Faith

"Under [the] good faith exception to the exclusionary rule, suppression is necessary only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."  United States v. Robinson, 336 F.3d 1293, 1296

(11th Cir. 2003) (quotations and citation omitted).  In this case, there is no indication that the officers were dishonest or reckless.  Furthermore, indications that Defendant was using his residences to conduct drug sales on a regular basis was sufficient to sustain an objectively reasonable belief that evidence of those drugs sales would be found at apartments 212C and 107D, despite the passage of two and three weeks of time.  Accordingly, the good faith exception precludes suppression of the evidence.

**III.    CONCLUSION**

The information in the warrant affidavits for the searches of apartments 212C and 107D was reliable and had not become stale when the searches were executed.  The officers reasonably relied on the search warrants.  Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Suppress (doc. 14) be and hereby is denied.

DONE AND ORDERED this 6th day of December, 2005.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge