IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO. 4:05-cr-00046-SPM-GRJ

ANTHONY CAMERON HOLT
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 137, Defendant's *pro se* motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The motion stems from

Defendant's conviction and 294-month sentence for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g).  Based on prior convictions for

serious drug offenses, Defendant received an enhanced sentence under the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Defendant's conviction and

sentence were affirmed.  Defendant's original motion asserts four claims of ineffective

assistance of counsel.  The undersigned granted Defendant leave to amend his motion

to add a fifth claim that he is  "actually innocent" of armed career criminal status

pursuant to *Gilbert v. United States*, 609 F.3d 1159 (11th Cir.), *vacated on rehearing en*

*banc*, 625 F.3d 716 (11th Cir. 2010).  Docs. 156, 163.   The Government filed

responses, Docs. 149, 158, and Defendant filed replies, Docs. 151, 159.   For the

following reasons, the undersigned recommends that the motion to vacate be denied.[1]

---

[1]The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Background

The facts underlying Defendant's conviction and sentence may be summarized as follows. In connection with an investigation that included controlled purchases of drugs through street-level sellers, the Tallahassee Police Department ("TPD") executed a search warrant for Apartment 212C, Colonnade Apartments, in February 2005. The supporting affidavit identified Defendant as the occupant of the apartment. When the police entered the apartment to execute the warrant, they found Defendant kneeling with his arm under a sofa cushion. The police retrieved cash and an empty gun holster from beneath the sofa cushion. The search of the apartment also yielded crack cocaine, powder cocaine, marijuana, digital scales, and documents indicating that other persons had stayed in the apartment, including Marcus Knight. Three other men (but not Knight) were present in the apartment at the time of the search. Defendant was arrested and subsequently released on bond.

In August 2005, the TPD executed a search warrant for Apartment 107D, Colonnade Apartments. State court records showed that Defendant resided at Apartment 107D. The supporting affidavit stated that a confidential informant ("CI") purchased cocaine from Defendant in that apartment. The search yielded marijuana, MDMA, powder cocaine, crack cocaine, cash, and two loaded handguns concealed in a space above a hot water heater in the kitchen.

Defendant was indicted on five counts: conspiracy to distribute controlled substances (Count One); possessing controlled substances with intent to distribute (Counts Two and Three); being a felon-in-possession of a firearm (Count Four); and possessing a firearm in furtherance of drug trafficking (Count Five). Defendant

unsuccessfully sought to suppress the evidence obtained in the two searches.

In January 2006, a jury convicted Defendant on the three controlled-substance offenses, but could not reach a verdict on the firearms counts.  In February 2006, a second jury acquitted Defendant of possessing firearms in furtherance of drug trafficking, but did not reach a verdict on the felon-in-possession charge.  At his third trial in April 2006, Defendant was convicted of being a felon-in-possession.  The gun holster seized during the February 2005 search of Apartment 212C was offered into evidence by the Government at the first two trials, and TPD Officer Donato testified that a .357 magnum Smith & Wesson revolver seized during the August 2005 search of Apartment 107D matched the gun imprint on the lining of the holster.  Neither the Government nor the defense offered the holster into evidence at Defendant's third trial. Defendant denied possessing any firearms.  Defendant testified that his friend Marcus Knight had access to apartment 107D and that Knight had a gun like the .357 magnum revolver seized from Apartment 107D.

Using the 2005 edition of the United States Sentencing Guidelines, Defendant's PSR assigned a base offense level of 24 pursuant to the guideline for possession of a firearm by a convicted felon (U.S.S.G. § 2K2.1), because that conviction resulted in the highest offense level.  Four points were added pursuant to § 2K2.1(b)(5) because Defendant possessed the firearms in connection with another felony offense.  Two points were added for obstruction of justice under U.S.S.G. § 3C1.1.

Defendant's PSR noted that he was arrested on August 11, 1988, for criminal activity on July 25, 1988, and that he was charged with possession of cocaine with intent to sell.  Defendant subsequently was arrested on October 6, 1988, for criminal

activity on that day, and he was charged with sale of cocaine base. The two charges were consolidated for conviction and sentencing in 1989, and Defendant was sentenced to concurrent sentences of one year and one day.  Defendant had a 1998 conviction for attempted trafficking in drugs for which he initially received a sentence of 15 years' imprisonment.  His sentence was reduced to time served in 2001.  Defendant also had a 1992 conviction for possession of cocaine with intent to sell.

Based on these prior convictions, the probation officer found that Defendant was subject to an enhanced sentence under the ACCA[2], and his adjusted offense level of 30 was raised to 34 pursuant to U.S.S.G. §§ 4B1.4(a) and (b)(3)(A).   As an armed career criminal, Defendant's criminal history category was VI pursuant to U.S.S.G. § 4B1.4. Defendant's total offense level of 34 and criminal history category of VI produced a Guidelines sentencing range of 262-327 months of imprisonment.

Defendant's counsel objected to the PSR with respect to the adjustment in offense level for obstruction of justice, the lack of a downward adjustment for acceptance of responsibility, and the increase in offense level for use or possession of a firearm in connection with another felony offense.  The Defendant offered his own objections to the PSR concerning the prior convictions upon which the ACCA enhancement was based.  After responding to counsel's objections, the Government

---

[2]The ACCA provides that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)."  18 U.S.C. § 924(e).

offered into evidence certified copies of Defendant's 1989 consolidated convictions for the two 1988 offenses, a certified copy of the 1998 conviction for attempted trafficking, and an uncertified copy of the 1992 conviction for possession with intent to sell. The Government argued that even if the Court considered only the three convictions represented by certified copies, Defendant qualified as an armed career criminal.

The Court then afforded Defendant an opportunity to express his objections on the record. As to the 1988 offenses, Defendant contended that he was arrested for both offenses on October 6, 1988, and since there was no intervening arrest between the two offenses they should be treated as one conviction. As to the 1998 conviction for attempted drug trafficking, Defendant argued that he was erroneously sentenced under the drug trafficking statute and that he successfully pursued collateral relief to obtain a reduced sentence under the attempt statute. The Court overruled Defendant's objections and sentenced Defendant as an armed career criminal.

On appeal, Defendant argued that the Court erred by denying his motion to suppress, and that the evidence adduced in his third trial was insufficient to find that he actually or constructively possessed firearms. Defendant also argued that his prior convictions did not qualify as predicate offenses under the ACCA. The Eleventh Circuit upheld the Court's denial of the motion to suppress. The Eleventh Circuit rejected Defendant's sufficiency-of-the-evidence argument, noting that the evidence showed that two loaded guns were found on top of the water heater in the kitchen of Defendant's apartment, and that one of the guns, the .357 magnum Smith & Wesson revolver, was identical to a weapon shown in advertising materials and on the jacket liner of a rap music CD that Defendant produced. The promotional materials for the CD

also pictured Defendant, his kitchen, drugs, and drug paraphernalia. Further,

Defendant stated in a recorded jail telephone call that he would be linked to the guns

because of the photographs

As to the ACCA enhancement, the Eleventh Circuit concluded that Defendant's

1998 conviction for attempted drug trafficking (a second-degree felony under Florida

law) and 1989 consolidated convictions for two temporally distinct controlled substance

offenses were all "serious drug offenses" for purposes of the ACCA. The Court stated

that "[Defendant's] three prior convictions for serious drug crimes meet the definition of

an armed career criminal, which qualifies him for the enhancement."[3]

In the instant motion, Defendant contends that his trial counsel rendered

ineffective assistance by: (1) failing to subpoena the holster for use as evidence in the

third trial; (2) failing to assert correct legal objections and cite relevant cases regarding

Defendant's sentencing under the ACCA on the basis of his prior attempted drug

trafficking conviction; (3) failing to investigate, know the law, and assert correct

objections regarding Defendant's sentencing under the ACCA on the basis of his 1988

offenses; and (4) failing to require the Government to prove the 1992 conviction by way

of a certified copy of the conviction, and then abandoning the issue on appeal.

Defendant also contends that he is entitled to relief from his ACCA sentence pursuant

to *Gilbert*.

---

[3]Defendant did not assert on appeal that his 1992 conviction for possession of cocaine did not qualify as a predicate offense, and accordingly any claim in that regard was deemed abandoned.

## **Standard of Review**

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded the court's jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Further, disposition of a claim of error on direct appeal precludes further review in a subsequent collateral proceeding. *See, e.g., Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir.

1986).

With regard to the performance prong of *Strickland*, a defendant must provide

factual support for his contentions that counsel's performance was constitutionally

deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must

consider counsel's performance in light of all of the circumstances at that time and

indulge in a strong presumption that counsel's conduct fell within the wide range of

reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's

performance was unreasonable, a defendant must establish that "no competent

counsel would have taken the action that his counsel did take." *Grayson v. Thompson*,

257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective,

and "it matters not whether the challenged actions of counsel were the product of a

deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281

(11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what

reasonably could have motivated counsel." *Id.* "An ambiguous or silent record is not

sufficient to disprove the strong and continuing presumption . . . that [counsel] did what

he should have done and that he exercised reasonable professional judgment."

*Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). There

are no "absolute rules" for determining whether counsel's actions were indeed

reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is

also constitutionally protected–and would restrict the wide latitude counsel have in

making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To

uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental

processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can

be expected to have considered all of the ways [to provide effective assistance]." *Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11ᵗʰ Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11ᵗʰ Cir. 2000).

## Discussion

## Ground One: Failure to Offer the Holster as Defense Evidence

Defendant contends that his counsel should have obtained the holster seized in the February 2005 search for use in his third trial even though the Government did not offer the holster as evidence. Defendant's rationale for this claim is somewhat unclear. Defendant appears to argue that because the holster was admitted into evidence in his first two trials, and he was not convicted of firearms offenses in the first two trials, then the holster was essential to his defense to the felon-in-possession charge at his third trial. Defendant suggests that the holster was so strongly linked to Marcus Knight's presence in Apartment 212C that the jury would have believed that the .357 magnum

revolver that was found in Apartment 107D, which fit the holster, belonged to Knight. The Government points out that there was compelling evidence that linked Defendant more closely to the holster than Knight. Such evidence included the fact that Defendant was found in Apartment 212C with his hand under a sofa cushion that concealed the holster, as well as the evidence linking Defendant to the .357 magnum revolver in Apartment 107D that fit the holster. The Government suggests that it was reasonable for Defendant's counsel to not offer the holster into evidence because it did not tend to exculpate Defendant and would direct the jury's attention to Defendant's other offenses revealed during the February 2005 search.

Given the strong presumption of reasonableness afforded to counsel's strategic decisions, the undersigned cannot conclude on this record that the failure to admit the holster into evidence at the third trial was unreasonable. The ownership of the holster was at best ambiguous and at worst attributable to Defendant. Moreover, on this record, Defendant has failed to show that any error by counsel in this regard worked to his prejudice. In light of the sufficient evidence that Defendant possessed the handguns found in his apartment, there is no reasonable probability that the outcome of his trial would have been different if the holster had been admitted into evidence. Accordingly, Defendant has failed to carry his burden of showing either deficient performance or prejudice under *Strickland*.

### Grounds Two, Three, and Four: Application of ACCA Enhancement

It is appropriate to address Defendant's second, third, and fourth ACCA sentencing claims together because the claims are squarely foreclosed by the Eleventh Circuit's opinion analyzing application of the ACCA to Defendant. After carefully

considering whether Defendant's 1988 offenses were temporally distinct, and analyzing whether Defendant's 1998 attempted drug trafficking conviction was a "serious drug offense," the Eleventh Circuit concluded that the ACCA enhancement applied to Defendant and affirmed the Court's sentence.

Although Defendant has couched these claims in terms of ineffective-assistance, they are plainly directed to the substance of the Court's application of the enhancement. Defendant contends that his counsel did not pursue the correct legal objections to the use of his prior convictions as predicate offenses under the ACCA. Although counsel did not argue at sentencing that the three offenses did not qualify Defendant for the enhancement, the Court afforded Defendant the opportunity to do so, and those same claims were raised and rejected on appeal. Defendant argues that his counsel did not require the Government to provide a certified copy of his 1992 conviction, and then abandoned the issue on appeal, but any error in that regard is immaterial because only three predicate offenses were necessary to apply the enhancement, and the Eleventh Circuit agreed that application of the enhancement for the three remaining prior convictions was correct. Because the Court disposed of Defendant's claims of ACCA sentencing error on direct appeal, they may not be relitigated on collateral review. *See, Mills*, 36 F.3d at 1056. Further, it is clear that Defendant did not suffer any prejudice due to counsel's decision not to object on the grounds advanced by Defendant, because the Court allowed Defendant himself to assert the objections and they were fully considered on their merits at sentencing and on appeal.

## Ground Five: *Gilbert v. United States*

Defendant contends that he is "actually innocent" of being an armed career criminal in light of *Gilbert,* 609 F.3d 1159.  In *Gilbert*, which is presently pending on *en banc* rehearing, the Eleventh Circuit granted habeas relief to a defendant serving an ACCA sentence based on a predicate offense of carrying a concealed firearm, in light of authority holding that the offense is not a "violent crime" under the ACCA.  *See Begay v. United States*, 553 U.S. 137 (2008); *United States v. Archer*, 531 F.3d 1347 (11th Cir.2008).  In this case, Defendant was subject to sentencing under the ACCA because he had three prior qualifying convictions for "serious drug offenses."  *See* 18 U.S.C. § 924(e).   Thus, *Gilbert* is factually inapposite to Defendant's case and regardless of the outcome of the case on *en banc* rehearing it would not afford Defendant any basis for relief under § 2255.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, Doc. 137, be **DENIED** and that a certificate of appealability be **DENIED.**

**IN CHAMBERS**  this 8th day of February 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.