IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                      CASE NO. 4:05-cr-00046-RH-GRJ

ANTHONY CAMERON HOLT
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 180, Defendant's *pro se* motion pursuant to Fed. R. Civ. P. 60(b)(4).  Defendant contends that the Court's judgment denying Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is now "void" in light of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015).  For the following reasons, the undersigned recommends that the motion be denied.

The instant motion stems from Defendant's conviction and 294-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  Defendant received an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides for increased prison terms for violators who have three or more earlier convictions for a "serious drug offense" or a "violent felony".  Defendant's conviction and sentence were affirmed.  Doc. 136.  Defendant sought relief under § 2255 on grounds of ineffective assistance of counsel and on the ground that he was "actually innocent" of armed career criminal status pursuant to *Gilbert v. United States*, 609 F.3d 1159 (11th Cir.), *vacated on rehearing en banc*, 625 F.3d 716 (11th Cir. 2010).  Docs. 156, 163.  The Court denied the motion to vacate, denied a COA, and the Eleventh Circuit denied a COA.  Docs. 164, 166, 176.

Defendant unsuccessfully pursued habeas corpus relief by way of a 28 U.S.C. § 2241 petition.  *See Holt v. Warden*, Case No. 1:12-cv-25 (N.D. Fla. 2012).

Defendant's Rule 60(b) motion concerns his ACCA sentence.  Specifically, Defendant argues that pursuant to *Johnson*, 135 S.Ct. 2551, which found ACCA's "residual clause" unconstitutional, his 1998 State conviction for attempted drug trafficking is not a predicate offense for purposes of ACCA.  Doc. 180.

As explained in the Eleventh Circuit's judgment affirming Defendant's conviction and sentence, and in the judgment denying his § 2255 motion, Defendant had the following prior convictions for controlled substance offenses: state convictions in 1989 for possession of cocaine with intent to sell and sale of cocaine base; a 1998 conviction for attempted trafficking in drugs; and a 1992 conviction for possession of cocaine with intent to sell.  At sentencing, the Government offered into evidence certified copies of Defendant's 1989 consolidated convictions for the two 1988 offenses, a certified copy of the 1998 conviction for attempted trafficking, and an uncertified copy of the 1992 conviction for possession with intent to sell.  The Government argued that even if the Court considered only the three convictions represented by certified copies, Defendant qualified as an armed career criminal.  The Court overruled Defendant's objections and sentenced him to 294 months of imprisonment.  Doc. 82.

On appeal, Defendant argued that his prior convictions did not qualify as predicate offenses under ACCA.  The Eleventh Circuit concluded that Defendant's 1998 conviction for attempted drug trafficking and 1989 consolidated convictions for two temporally distinct controlled substance offenses were all "serious drug offenses" for purposes of ACCA.  The Court stated that "[Defendant's] three prior convictions for

serious drug crimes meet the definition of an armed career criminal, which qualifies him for the enhancement."[1]  Doc. 136 (quoting 18 U.S.C. § 924(e)(2)(A)(ii) ("serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of 10 years or more is prescribed by law"); Fla. Stat. §§ 777.04(c), 775.082(3)(c) (attempted trafficking in cocaine is second degree felony punishable by term of imprisonment not exceeding fifteen years)).

Defendant's instant Rule 60(b) motion does not establish any grounds for relief from his ACCA-enhanced sentence.  First, collateral attacks on the legality of a federal sentence typically must be brought under § 2255.  *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005).  Courts must look past the label of a motion in order to determine its actual legal effect and must treat the motion according to its legal effect, rather than its formal name.  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).  Rule 60(b) motions cannot be used to "evade the second or successive petition bar . . . by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits."  *Gilbert*, 640 F.3d 1293, 1323 (11th Cir. 2011) (holding that the rule announced in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners).  Therefore, when a federal prisoner seeks to "assert or reassert a claim for relief, instead of

_____

[1]Defendant did not assert on appeal that his 1992 conviction for possession of cocaine did not qualify as a predicate offense, and accordingly any claim in that regard was deemed abandoned.

pointing out a defect in the integrity of the earlier § 2255 motion preceding in his case . .

. his motion is the equivalent of a second or successive motion." *Id*.

In this case, it is clear that the instant motion is the "equivalent of a second or

successive motion." *Id*.  Because Defendant was denied collateral relief previously

under § 2255, he is barred from seeking such relief in this Court absent prior

certification from the Eleventh Circuit.  28 U.S.C.  §§  2255(h), 2244(b)(3).  There is

nothing in the record that reflects that Defendant has been granted leave by the

Eleventh Circuit to file a second or successive motion to vacate, and thus this Court

lacks the requisite authorization to entertain the claims raised in the instant motion.

Second, even if the Court were authorized to entertain a successive  § 2255

motion, *Johnson* affords Defendant no relief because it is inapposite.  *Johnson*

concerned a Defendant whose sentence was enhanced for a prior conviction that fell

under the "residual clause" of ACCA.  The residual clause is part of ACCA's definition of

"violent felony."  Under ACCA, violent felonies are "any crime punishable by

imprisonment for a term exceeding one year ... that (i) has as an element the use,

attempted use, or threatened use of physical force against the person of another; or (ii)

is burglary, arson, or extortion, involves use of explosives, *or otherwise involves*

*conduct that presents a serious potential risk of physical injury to another.*"

§ 924(e)(2)(B) (emphasis added).   It is this italicized portion that is known as the

"residual clause."  In *Johnson*, the Supreme Court held that the residual clause is

unconstitutionally vague and violates due process.  *Johnson*, 135 S.Ct. 2551, 2557-58.

But the holding in *Johnson* has no bearing at all on Defendant's sentence, because

Defendant was sentenced on the basis of prior serious drug offenses and not on the

basis of prior violent felonies.  In short, the residual clause has nothing to do with Defendant's enhanced sentence.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

The motion pursuant to Rule 60(b)(4), Doc. 180, should be **DENIED** and a certificate of appealability should be **DENIED**.

IN CHAMBERS this 24th  day of July 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**