IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 4:05cr46-RH/GRJ

ANTHONY CAMERON HOLT,

    Defendant.

_____/

### ORDER DENYING RULE 60(b) MOTION

This case is before the court on the magistrate judge's report and recommendation, ECF No. 181, and the objections, ECF No. 182. I have reviewed *de novo* the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

A jury convicted the defendant Anthony Cameron Holt of possessing a firearm as a convicted felon. (In an earlier trial, a different jury convicted Mr. Holt of drug offenses, but those offenses are not at issue here.) Because Mr. Holt had at least three prior convictions for serious drug offenses within the meaning of 18 U.S.C. § 924(e), he was an armed career criminal. The minimum sentence was 15 years in prison, and the guideline range was 262 to 327 months. The judge who

was presiding over the case at that time sentenced Mr. Holt to 294 months in prison.

On direct appeal, the United States Court of Appeals for the Eleventh Circuit rejected Mr. Holt's claim that he was not an armed career criminal. The court held that three prior Florida state-court convictions all constituted serious drug offenses within the meaning of § 924(e). One of those convictions was for attempted trafficking in drugs. The court affirmed Mr. Holt's conviction and sentence.

Mr. Holt filed a motion for relief under 28 U.S.C. § 2255, again challenging his treatment as an armed career criminal. The district court denied the motion and denied a certificate of appealability. The Eleventh Circuit also denied a certificate of appealability.

Mr. Holt now seeks relief under Federal Rule of Civil Procedure 60(b) from the judgment denying his § 2255 motion. Mr. Holt again asserts he is not an armed career criminal because the conviction for attempted trafficking is not an armed-career-criminal predicate offense. The report and recommendation correctly concludes that the motion is procedurally improper. Mr. Holt could seek relief of this kind only under § 2255. And because any § 2255 motion would be his second, Mr. Holt could pursue such a motion only with the Eleventh Circuit's authorization.

The report and recommendation is also correct that Mr. Holt's claim is unfounded on the merits. Mr. Holt says the earlier rulings of this court and the Eleventh Circuit were contrary to the Supreme Court's later decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). But as noted in the report and recommendation, *Johnson* held unconstitutionally vague the § 924(e) "residual clause." The residual clause provides that the term "violent felony" includes not only the crimes explicitly listed in the statute but also any felony that "involves conduct that presents a serious potential risk of physical injury to another." *Johnson* does not help Mr. Holt because that decision did not address the provision in § 924(e) under which any "serious drug offense" is an armed-career-criminal predicate offense. There is nothing unconstitutional vague about the term "serious drug offense," which the statute specifically defines.

In arguing the contrary, Mr. Holt says that on direct appeal, the Eleventh Circuit relied on the residual clause, not on the "serious drug offense" provision, as a basis for holding that his attempted-trafficking conviction was an armed-career-criminal predicate offense. That is just not so. Instead, the Eleventh Circuit rested its holding squarely on the conclusion that attempted trafficking of a sufficient quantity of drugs constitutes a "serious drug offense." The court said:

> In [*United States v.*] *James*, [430 F.3d 1150 (11th Cir. 2005), *aff'd on other grounds*, 550 U.S. 192 (2007),] we acknowledged that "federal law permits an inference of intent to distribute from a defendant's possession of a significantly large quantity of drugs."

Case No.   4:05cr46-RH/GRJ

> *Id.*, 430 F.3d at 1156 (citing *United States v. Bain*, 736 F.2d 1480, 1486 (11th Cir.1984)). Accordingly, we conclude that Holt's conviction for attempted trafficking of drugs by possessing 400 grams or more of cocaine *is within the ACCA's definition of a serious drug offense*.

*United States v. Holt*, 246 F. App'x 602, 610 (11th Cir. 2007) (emphasis added).

In short, Mr. Holt has already lost the same argument he makes now. *Johnson* deals with an entirely different provision and does not affect the analysis.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion.  The defendant's motion, ECF No. 180, for relief under Federal Rule of Civil Procedure 60(b) is denied.  A certificate of appealability is denied.

SO ORDERED on September 7, 2015.

s/Robert L. Hinkle<br>
United States District Judge