IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                Case Nos.: 4:05cr46/RH/GRJ
                                           4:16cv654/RH/GRJ

ANTHONY CAMERON HOLT,

       Petitioner.

_____

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Petitioner's "Motion for U.S.C. 28 § 2255(f)(4)." (ECF No. 186.)  Petitioner's motion is not on the proper form, but amendment would be futile as it is subject to dismissal as successive. Rule 4(b) of the Rules Governing § 2255 proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the Court concludes that it does not have jurisdiction to entertain Petitioner's motion and that the petition should be summarily dismissed without prejudice.

Case Nos.: 4:05cr46/RH/GRJ; 4:16cv654/RH/CAS

## BACKGROUND and ANALYSIS

Petitioner Anthony Cameron Holt was convicted of three controlled substance offenses in violation of 21 U.S.C. §§ 841(a) & (b) and § 846, as well as possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  (ECF Nos. 36, 65.)  He was sentenced to a total term of 294 months' imprisonment on all four counts after receiving an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  (ECF Nos. 82, 83.)  Petitioner appealed his conviction and sentence for the possession of a firearm by a convicted felon, and the Eleventh Circuit Court of Appeals affirmed.  (*See* ECF No. 136.)

In February of 2008, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was later amended.  (*See* ECF Nos. 137, 138, 156, 163.)  In 2011, Petitioner's amended motion was denied and a certificate of appealability was denied.  (ECF Nos. 164, 166, 167.)  Petitioner appealed, and the Eleventh Circuit Court of Appeals also denied his motion for a certificate of appealability.  (ECF Nos. 168, 176.)  In July of 2015, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) contending that the judgment denying his amended

motion to vacate should be set aside pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015). (ECF No. 180.) The Court denied Petitioner's Rule 60(b) motion. (ECF Nos. 181, 183.)

In the instant motion, his second under § 2255, Petitioner seeks sentencing relief under Descamps v. United States, 133 S. Ct. 2276 (2013) and Mays v. United States, 817 F.3d 728 (11th Cir. 2016). (ECF No. 186.) Before a second or successive application for § 2255 relief is filed in the district court, a Petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996). Petitioner filed the required application seeking to file a second or successive § 2255 motion to raise claims pursuant to Johnson and Descamps. However, on June 21, 2016, the Eleventh Circuit Court of Appeals denied Petitioner's application because he failed to make a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255(h). (*See* ECF No. 185.) Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Petitioner's successive § 2255 motion without proper authorization.

Case Nos.: 4:05cr46/RH/GRJ; 4:16cv654/RH/CAS

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this

Case Nos.: 4:05cr46/RH/GRJ; 4:16cv654/RH/CAS

recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Petitioner's "Motion for U.S.C. 28 § 2255(f)(4)" (ECF No. 186) should be **SUMMARILY DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of November, 2016.

*/s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:05cr46/RH/GRJ; 4:16cv654/RH/GRJ